IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL LAMAR HATCHER, | ) | |
| Reg. No. 12754-002 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-CV-268-WKW |
| | ) | (WO) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION AND RELEVANT HISTORY

This § 2241 case was initiated by the District Judge's order construing the "Motion to Modify Credit Time" under 18 U.S.C. § 3585(b) filed by Daniel Lamar Hatcher in his criminal case, *United States of America v. Hatcher*, Criminal Case No. 09-CR-81-WKW-SRW (M.D. Ala. 2012), as a 28 U.S.C. § 2241 petition for habeas corpus relief. Doc. 1 (citing generally *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000)) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). The petition, supported by exhibits detailing Hatcher's attempts to exhaust the remedies provided by the Bureau of Prison ("BOP") regarding its calculation of credit time applied to his sentence, challenges the calculation of such time by the BOP.

The docket maintained by this court in Hatcher's criminal case contains the following relevant information, and—under well-established law—this court takes judicial

notice of its own records.  *Nguyen v. United States,* 556 F.3d 1244, 1259 n.7 (11th Cir. 2009). Hatcher is incarcerated on a sentence of 300 months' imprisonment imposed by this court in August of 2012 for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and for aiding and abetting the possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 241.  The Eleventh Circuit denied Hatcher's appeal of his convictions.  In addition, this court denied motions filed by Hatcher in his criminal case pursuant to 18 U.S.C. §§ 3582 and 3585 seeking modification or reduction of his sentence.[1] With respect to the motion filed under 18 U.S.C. § 3585(b)(2), Hatcher sought credit from this court on his federal sentence for time served in the Alabama prison system from August 2012 until July 2015 on a state sentence imposed years prior to his federal offenses.  *United States of America v. Hatcher*, Criminal Case No. 09-CR-81-WKW-SRW (M.D. Ala. 2012) – Doc. 311. This is the same time credit Hatcher now seeks in this habeas action.

The court denied the 18 U.S.C. § 3585(b)(2) motion filed by Hatcher.  *Id*. at Doc. 317.  That order, in relevant part, states as follows:

> In his motion, Defendant seeks credit toward his federal sentence for the time he served on his state offense [from August of 2012 until July of

---

[1] The records of this court also indicate that Hatcher filed separate 28 U.S.C. § 2255 motions challenging his controlled substance convictions. *See Hatcher v. United States of America*, Civil Action No. 2:14-CV-880-WKW-SRW (M.D. Ala. 2017) and *Hatcher v. United States of America*, Civil Action No. 2:17-CV-737-WKW-SRW (M.D. Ala. 2018). This court addressed the merits of the claims raised in the initial § 2255 motion and denied this motion with prejudice. *Hatcher*, Civil Action No. 2:14-CV-880-WKW-SRW at Doc. 41. After entry of final judgment on the aforementioned motion, Hatcher filed a motion to amend which the court construed as a § 2255 motion; it dismissed this motion as successive because Hatcher filed it without requisite authorization from the Eleventh Circuit Court of Appeals. *Id*. at Doc. 62; *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2255 motion] . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application [and the appellate court must authorize such filing].""). Moreover, as to the § 2255 motion filed by Hatcher in 2017, this court summarily dismissed this motion as successive. *Hatcher*, Civil Action No. 2:17-CV-737-WKW-SRW at Doc. 7.

2015], citing 18 U.S.C. § 3585(b)(2). But the task of computing sentencing credit under § 3585 in the first instance is entrusted not to the courts, but to the Attorney General—who does so through the BOP. *United States v. Wilson*, 503 U.S. 329, 333–36 (1992). Defendant "is free to urge" the BOP to give him the credit he seeks. *Sester v. United States*, 566 U.S. 231, 244 (2012). "If the [BOP] initially declines to do so, he may raise his claim through the [BOP's] Administrative Remedy Program." *Id.* (citing 28 CFR § 542.10 et seq. (2011)). "And if that does not work, he may seek a writ of habeas corpus." *Id.* (citing 28 U.S.C. § 2241). Defendant has not pursued those administrative remedies, (Doc. # 314, at 3–4, 4 n.5), nor has he filed a petition for habeas corpus on this issue. He instead filed the motion currently before the court, which is not the proper vehicle to obtain the relief he seeks.

Even if it was the proper vehicle, Defendant's motion would fail on the merits. As the Government correctly argues (Doc. # 314, at 4–5), § 3585(b)(2) does not allow Defendant to receive the sentencing credit he seeks. That provision allows Defendant to receive credit toward his sentence in this case for time he served "as a result of any other charge for which . . . [D]efendant was arrested *after the commission of the offense[s] for which the sentence was imposed*." 18 U.S.C. § 3585(b)(2) (emphasis added). Because Defendant was arrested pursuant to his state prosecution (as well as convicted and sentenced) years before his offenses and arrest in this case, he cannot receive credit toward his sentence in this case under § 3585(b)(2) for the time he served for his state offense.

In short, Defendant's motion is due to be denied. . . . .

*United States of America v. Hatcher*, Criminal Case No. 09-CR-81-WKW-SRW (M.D. Ala. 2012) – Doc. 317 at 2–3 (emphasis in original).

Based on the procedural history of Hatcher's criminal case, the District Judge determined that the current request for credit should be treated as a habeas petition. *See* Doc. 1. Thus, this civil action is now before the court on a request for habeas relief under 28 U.S.C. § 2241. Hatcher is currently incarcerated on the sentence imposed by this court at the Yazoo City Medium Federal Correctional Institution in Yazoo City, Mississippi, a correctional facility located within the jurisdiction of the United States District Court for the Southern District of Mississippi. *See* 28 U.S.C. § 104.

Upon review of the instant habeas petition and under the circumstances of this case, the undersigned finds that this case should be dismissed.

## II. DISCUSSION

In the present civil action, Hatcher seeks "credit [on his federal sentence] for the time he served on his state sentences from August 2012 to July 2015 based on his state parole being revoked due to the Nov. 5, 2008 arrest [on the federal controlled substance charges]." Doc. 2 at 1. Hatcher presented this request for credit time to prison personnel at Yazoo City and on appeal to BOP officials in an apparent attempt to exhaust his administrative remedies.[2]

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the proper avenue of relief when a petitioner is challenging the execution of his sentence, rather than the validity of the underlying conviction. *United States v. Addonizio*, 442 U.S. 178, 185–88 (1979) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); *United States v. Allen*, 124 F. App'x. 719, 721 (3rd Cir. 2005) ("The exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. ' 2241[.]"); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (civil action challenging administration of service credits by the BOP, including

---

[2]In denying Hatcher's appeal of the lower administrative decision not to award him credit time from August 2012 through July 2015, the Central Office Administrator noted this court's previous denial of the credit time sought by Hatcher. Doc. 2-1 at 6 ("[T]he federal sentencing court issued a Memorandum and Opinion Order on December 1, 2017, wherein the court indicated § 3585(b) does not allow for the application of the credit [sought].").

calculation, awarding and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus review in district court).

As a general rule, a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."); *Allen*, 124 F. App'x. at 721 (a § 2241 petition for habeas corpus seeking additional credit time from the BOP must be "directed to the district court in the United States District where the petitioner is incarcerated[.]"). "Jurisdiction is determined at the time the action is filed[.]" *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994).

> The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained[.]"). The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court. *Ibid.* We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885) (emphasis added*); see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) ("The writ of habeas corpus" acts upon "the person who holds [the detainee] in what is alleged to be unlawful custody," citing *Wales*, *supra*, at 574, 5 S.Ct. 1050); *Braden*, *supra*, at 495, 93 S.Ct. 1123 ("'[T]his writ . . . is directed to . . . [the] jailer,'" quoting *In re Jackson*, 15 Mich. 417, 439–40 (1867)).

> In accord with the statutory language and *Wales'* immediate custodian rule, . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. . . .

*Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (emphasis in original).

Hatcher is presently incarcerated in the Yazoo City Medium Federal Correctional Institution in Yazoo City, Mississippi, a facility not located within the jurisdiction of this court. Instead, that federal correctional institution is located within the jurisdiction of the United States District Court for the Southern District of Mississippi. "District courts are limited to granting habeas relief within their respective jurisdictions. 28 U.S.C. § 2241 (a). [The Supreme Court has] interpreted this language to require nothing more than that the court issuing the writ have jurisdiction over the custodian[.]" *Padilla*, 542 U.S. at 442. This court therefore lacks jurisdiction over the petitioner's current § 2241 habeas petition. The law, however, gives federal courts the power to transfer a civil action to "cure a want of jurisdiction" where such transfer "is in the interest of justice[.]" 28 U.S.C. § 1631; *see also* 28 U.S.C. § 1406(a) (providing that when a case is filed "laying venue in the wrong division or district" a district court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought."; 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"). However, although this court has the authority to transfer an action to the proper forum when the transfer is in the interest of justice, 28 U.S.C. § 1631, here, the court finds that based on its prior determination that Hatcher cannot receive the credit time he seeks in this petition, such a transfer would only result in "raising false hopes and wasting judicial resources[.]" *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (quoting *Phillips v Seiter*, 173 F.3d 609,

610–11 (7th Cir. 1999)) ("[A] court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed.").

Since this court lacks jurisdiction to consider Hatcher's 28 U.S.C. § 2241 petition and a transfer of this case to the court with jurisdiction—that is, the United States District Court for the Southern District of Mississippi—would waste scarce judicial resources, as this court previously decided Hatcher is not entitled to the credit time he seeks in this petition, the undersigned finds that the interest of justice does not warrant a 28 U.S.C. § 1631 transfer of this case to the United States District Court for the Southern District of Mississippi.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge (1) that the 28 U.S.C. § 2241 petition pending before the court be DENIED because this court is without jurisdiction to consider this petition and the interest of justice does not warrant a 28 U.S.C. § 1631 transfer of this case to the United States District Court for the Southern District of Mississippi, and (2) that this case be summarily DISMISSED.

On or before **May 19, 2020**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal

conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 4th day of May, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge